**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1855
_____

RYAN WHEELER,
                    Appellant

v.

GERALD ROZUM; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA, *R. SETH
WILLIAMS; THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA, THOMAS CORBETT

*Amended pursuant to Fed. R. App. P.43(c)(2)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-08-cv-02605)
District Judge: Hon. Gene E.K. Pratter
_____

Argued November 8, 2010

BEFORE: MCKEE, <u>Chief Judge</u>,  SLOVITER and COWEN , <u>Circuit Judges</u>

(Filed: December 21, 2010)

Matthew Stiegler, Esq. (Argued)
309 Wellesley Road
Philadelphia, PA 19119
*Counsel for Appellant*

John W. Goldsborough, Esq. (Argued)
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107
*Counsel for Appellees*

_____

OPINION

_____

COWEN, Circuit Judge.

Ryan Wheeler appeals from the District Court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wheeler argues that his counsel violated his Sixth Amendment right to effective assistance of counsel by failing to inform him that the prosecution had offered a plea bargain prior to trial. For the reasons set forth below, we will affirm the District Court's order denying habeas relief.

I.

On April 18, 2001, following a bench trial, the Philadelphia County Court of Common Pleas convicted Wheeler of robbery, aggravated assault, and possessing an instrument of crime (PIC). The court sentenced him to terms of 10 to 20 years' imprisonment for the robbery conviction and 5 to 10 years for the aggravated assault conviction, to be served consecutively for a total of 15 to 30 years. The court did not impose an additional sentence for the PIC conviction. Wheeler was unsuccessful on direct appeal.

Wheeler subsequently filed a pro se petition under Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541. While researching his PCRA claims, Wheeler discovered that, approximately one month before his trial, the prosecution had offered a sentence of 10 to 20 years' imprisonment in exchange for a guilty plea. Wheeler was never told about the plea offer. Appointed PCRA counsel subsequently

2

amended the PCRA petition to raise a claim that Wheeler had been denied effective assistance of counsel in this regard.

The PCRA court held an evidentiary hearing on October 13, 2006. At the hearing, the court first heard testimony from attorney Richard Bank, who had represented Wheeler at a pre-trial conference on March 9, 2001. After reviewing the Quarter Sessions file, Attorney Bank confirmed that the Commonwealth had offered a sentence of 10 to 20 years in exchange for a guilty plea, and that he never relayed the offer to Wheeler.

John Konchak, the attorney who represented Wheeler at his bench trial, also testified. Attorney Konchak stated that he had no specific recollection of ever discussing the offer with Wheeler. Attorney Konchak admitted that a copy of the offer was in his file, and explained that it would have been his practice to discuss plea offers in the file with the client unless the client had specifically advised him "absolutely at the outset that he wished no offers, if he wished to proceed to trial or that he was aware of the offer for some reason." (App. 104.) Attorney Konchak then stated that his recollection was that Wheeler wanted to go to trial:

> Attorney Konchak: [Wheeler's] defense or—he wished to go to trial. He did not wish to plead guilty under any circumstances is my recollection of the case.
>
> The Court: So you do recollect that?
>
> Attorney Konchak: Well, I recollect he wanted a trial, yes, Your Honor. He did not wish to plead guilty. He wished to go to trial. My recollection is his question was whether it was a jury or a [bench trial].

(App. 104.)

3

Wheeler also testified at the hearing. Wheeler claimed that he had never been told about the Commonwealth's offer and that he did not learn that an offer had been made until he reviewed his case file in connection with his PCRA petition. Wheeler stated that, had he known about the offer, he would have taken the deal. The Commonwealth then tried to establish that Wheeler would not have taken the plea anyway because, at the time of his trial and ever since, he has consistently maintained that he is innocent of the crimes of which he was charged:

| Commonwealth: | So [you're innocent], and yet today you're telling the Judge that you would have been glad to plead to 10 to 20 if you had known about that? |
| --- | --- |
| Wheeler: | Yes, ma'am, because I felt as though I was being railroaded from the beginning. I didn't have a good attorney from the beginning. I was rushed into the courtroom. I had no type of defense and I was found guilty. This is the result of it, and if I had to take a pick from either or, I would have took the 10 to 20 versus doing 15 to 30. I'm 40 years old. |

(App. 108.) Wheeler also testified that, when he met with Attorney Konchak before trial, he had asked him to present several alibi witnesses to prove his innocence, but that Attorney Konchak had advised against that strategy.[1]

Following the hearing, the PCRA court denied the ineffectiveness claim. The court found that Wheeler had succeeded in demonstrating that the Commonwealth had extended a plea offer of 10 to 20 years, and that appointed counsel had failed to convey

---

[1] Wheeler originally included in his PCRA petition an ineffectiveness claim concerning counsel's failure to present the alibi witnesses at trial, but PCRA counsel withdrew the alibi claim.

4

that offer. Therefore, Wheeler had satisfied the first prong of Strickland v. Washington, 466 U.S. 668 (1984). The court concluded that Wheeler was, however, unable to demonstrate prejudice under Strickland because the evidence adduced at the hearing demonstrated that even if Wheeler had been informed of the plea offer, he would have rejected the offer, maintained his innocence, and demanded to go to trial. Upon review, the Pennsylvania Superior Court affirmed, concluding that the record supported the PCRA court's finding. Wheeler filed a petition for allowance of appeal in the state supreme court, but the court denied review.

In June 2008, Wheeler filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking federal review of his ineffectiveness claim.[2] The matter was referred to a Magistrate Judge who concluded that Wheeler had failed to present clear and convincing evidence that the state court's disposition of his ineffectiveness claim was, in light of the evidence before it, "based on an unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2).[3] The District Court agreed and

---

[2] In his habeas petition, Wheeler raised various other claims under the Fifth and Sixth Amendments that are not at issue in this appeal.

[3] In support of his habeas petition, Wheeler attached a copy of a March 20, 2001 letter that he had allegedly sent to the Defender Association of Philadelphia in which he stated that he would be willing to consider plea offers from the prosecution. The Magistrate Judge found that the letter could not be considered on habeas review because Wheeler had failed to present it to the state courts during his PCRA proceedings. We agree. As the Magistrate Judge explained, because the PCRA court did not have an opportunity to weigh this letter against the other evidence of record, Wheeler cannot rely on it to rebut the presumption of correctness of the PCRA court's factual determination. See 28 U.S.C. § 2254(e)(2) (stating that the petitioner bears the burden of developing the factual basis of a claim in state-court proceedings); Taylor v. Horn, 504 F.3d 416, 435-38 (3d Cir. 2007) (finding that habeas petitioner's failure to present certain evidence to

denied the habeas petition. Thereafter, we granted a certificate of appealability on this issue.

II.

The District Court exercised jurisdiction over Wheeler's habeas petition under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction to review the District Court's denial of the writ pursuant to 28 U.S.C. §§ 1291 and 2253. Because the District Court ruled on Wheeler's habeas corpus petition without conducting an evidentiary hearing, our review of the District Court's decision is plenary. Marshall v. Hendricks, 307 F.3d 36, 50 (3d Cir. 2002). When reviewing a district court's decision regarding a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, "[w]e apply the same standards as the District Court, as mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')." Jacobs v. Horn, 395 F.3d 92, 99 (3d Cir. 2005).

Pursuant to the limitations imposed by the AEDPA, we cannot grant a writ of habeas corpus where the state court reached the merits of the petitioner's habeas claim unless the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Moreover, in considering the application for a writ of habeas corpus, we must afford a presumption of correctness to the state court's factual findings, which the petitioner bears the burden of rebutting by

PCRA court barred him from evidentiary hearing on that evidence and precluded him from introducing it for the first time on habeas review).

6

clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see Lambert v. Blackwell, 387 F.3d 210, 235-36 (3d Cir. 2004).

Wheeler's ineffectiveness claim is governed by the familiar standard developed in Strickland v. Washington and its progeny. Under that standard, a criminal defendant may demonstrate that his representation was constitutionally inadequate by proving: (1) that his attorney's performance was deficient, i.e., unreasonable under prevailing professional standards; and (2) that he was prejudiced by the attorney's performance. 466 U.S. at 687. In order to establish prejudice, the defendant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; Albrecht v. Horn, 485 F.3d 103, 127 (3d Cir. 2007).

In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court held that the Strickland test applies to advice given by counsel in the context of guilty plea discussions. The Court determined that the prejudice prong in the context of the guilty plea process "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id.

### III.

Wheeler argues that the state court's determination that he was not prejudiced by his attorney's failure to convey the plea offer to him "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]," 28 U.S.C. § 2254(d)(1), because the court analyzed prejudice subjectively rather than objectively, and

because the court improperly relied on Wheeler's protestations of innocence in its prejudice analysis. Wheeler also challenges the state court's finding that he would not have accepted the Commonwealth's offer even if it had been conveyed to him. See 28 U.S.C. § 2254(d)(2) and (e)(1).[4]

A.

Wheeler first argues that the PCRA court's determination that he was not prejudiced by his attorney's failure to convey the plea offer to him was contrary to, and an unreasonable application of, federal law, see 28 U.S.C. § 2254(d)(1), because the PCRA court misconstrued the Strickland prejudice inquiry; according to Wheeler, the court failed to heed Strickland's and Hill's commands to analyze prejudice objectively, not by reference to the subjective thought processes of the defendant. Due to this error, Wheeler argues, the court erroneously focused on evidence regarding Wheeler's decision-making rather than asking whether a reasonable defendant in Wheeler's place would have accepted the plea offer.

We disagree. The state court's prejudice analysis was not "contrary to" Supreme Court precedent, as nothing in Strickland, Hill, or any other decision from the Supreme Court suggests that prejudice should be analyzed by asking whether a reasonable defendant in Wheeler's place—rather than Wheeler himself—would have accepted the plea offer.

---

[4]     Although the Magistrate Judge construed Wheeler's habeas petition as seeking relief solely under 28 U.S.C. § 2254(d)(2), the petition can fairly be read as seeking relief under § 2254(d)(1) as well, and the Commonwealth does not argue that his challenges under § 2254(d)(1) have been waived.

8

Nor has Wheeler shown that the state court's application of Strickland to his ineffectiveness claim was "objectively unreasonable." See Gattis v. Snyder, 278 F.3d 222, 228 (3d Cir. 2002). In interpreting the prejudice prong of Strickland, we have made clear that a defendant must show that he was actually prejudiced by his attorney's failure to communicate a pre-trial plea offer; that is, that he himself—not a reasonable defendant in his place—would have accepted the offer had it been communicated to him. See United States v. Day, 969 F.2d 39, 45 (3d Cir. 1992) ("Because we conclude that prejudice is theoretically possible, the question becomes whether Day alleges sufficient prejudice in fact, which requires consideration of whether Day would have accepted the alleged plea offer and whether the district court would have approved it."); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 444 (3d Cir. 1982) (specifically noting that the habeas petitioner would be unable to establish prejudice "if, for example, [he] would not have accepted the plea bargain, if communicated"). In light of this precedent, we are unable to say that the Superior Court's application of Strickland resulted in an outcome that "cannot reasonably be justified under existing Supreme Court precedent." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999) (en banc).

Wheeler also argues that the Pennsylvania Superior Court unreasonably applied Strickland to the facts of his case when it relied in part on his protestations of innocence to conclude that he was not prejudiced by counsel's failure to convey the plea offer to him. He has failed to show that the state court's application of Strickland was unreasonable in this regard. Those Courts of Appeals that have considered the question have recognized that protestations of innocence are relevant to the Strickland prejudice

9

inquiry. See, e.g., Griffin v. United States, 330 F.3d 733, 739 (6th Cir. 2003) (remanding for evidentiary hearing on whether § 2255 petitioner would have accepted guilty plea, where fact that he maintained his innocence was not, on its own, dispositive of issue); Jones v. Wood, 114 F.3d 1002, 1012 (9th Cir. 1997) (holding that defendant could not show prejudice because "it is improbable that Jones would have accepted the offer in the face of his lawyer's correct assessment of the weakness of the State's case and Jones's own steadfast and unmoving claims of innocence"); Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (affirming district court's denial of evidentiary hearing on issue of prejudice because the record was barren of any evidence that petitioner would have acknowledged his guilt prior to trial). Because Wheeler has failed to cite any authority questioning the approach taken by these Courts of Appeals and the Superior Court here,[5] we cannot conclude that the state court's analysis was an unreasonable application of federal law governing ineffectiveness claims under 28 U.S.C. § 2254(d)(1).

B.

---

[5] Although Wheeler claims that the Sixth Circuit's decision in Griffin supports his position that declarations of innocence are irrelevant to the question of whether a defendant would have accepted a guilty plea, he misreads that case. In Griffin, a habeas petitioner claimed, as Wheeler does here, that his trial counsel had provided ineffective assistance by failing to convey a plea offer to him. 330 F.3d at 736. The government argued that the petitioner could not show that he would have accepted the offer had he been given the chance because the record was replete with the petitioner's protestations of his innocence. Id. at 738. The Sixth Circuit rejected this argument, explaining that the petitioner's protestations of innocence, standing alone, were not dispositive on the question of whether he would have accepted a plea offer. Id. Therefore, the court remanded the matter for an evidentiary hearing to determine whether there was a reasonable probability that the petitioner would have accepted the plea. Id. The Sixth Circuit did not hold that a petitioner's declarations of innocence are irrelevant to the inquiry as a matter of law; to the contrary, nothing in the court's opinion suggests that the district court could not consider that evidence together with other evidence at the evidentiary hearing.

10

Wheeler also challenges the PCRA court's factual finding that, even if he had been informed of the plea offer, he would have rejected it and demanded to go to trial. The PCRA court's determination, as affirmed by the Pennsylvania Superior Court, is a finding of fact presumed to be correct under 28 U.S.C. § 2254(e)(1). Wheeler bears the burden of rebutting this presumption of correctness by clear and convincing evidence. Id.

He argues that the PCRA court's finding that he would have rejected the plea offer was unreasonable in light of the following evidence: (a) there was a large disparity between the potential punishment he faced (according to him, up to 100 years) and the deal offered by the prosecution; (b) it was likely that he would be convicted at trial because the case against him was strong; (c) he had demonstrated "a rational willingness to waive his trial rights in similar contexts" by choosing to plead guilty in other cases, and by choosing, in this case, to waive his rights to a jury trial and to testify in his defense (Appellant's Brief 38-39); and (d) he knew that he had little chance of being acquitted, as demonstrated by his having stated in court: "You all going to hang me, anyway" (Appellant's Brief 39). Wheeler also challenges the state court's reliance on Attorney Konchak's testimony.

We have reviewed the record and conclude that Wheeler has not proffered clear and convincing evidence to overcome the presumption of correctness that attaches to the state court's finding that, even if he had known about the plea offer, he would not have taken the deal. See 28 U.S.C. § 2254(e)(1). The Superior Court based its finding on Attorney Konchak's testimony at the PCRA hearing that Wheeler "wished to go to trial" and "did not wish to plead guilty under any circumstances," and on Wheeler's testimony

11

that he was innocent of the crimes for which he was convicted and would have been acquitted had his alibi witnesses been called. While Wheeler argues that the state court should have given more weight to the factors he cites, and less weight to Attorney Konchak's testimony, such argument is insufficient to rebut the presumption of correctness.

Having considered the evidence before the PCRA court, we cannot conclude that the state court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2), for "[e]ven if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination." Wood v. Allen, 130 S.Ct. 841, 849 (2010) (internal quotation marks and citation omitted).

IV.

For the foregoing reasons, we will affirm the judgment of the District Court entered on July 1, 2009.[6]

---

[6] The Commonwealth's motion to supplement the record and Wheeler's motions in response thereto are denied as moot.